# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

PHILLIP CLARK (#107322)                                          CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                                         NO. 09-0718-JJB-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, August 25, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

PHILLIP CLARK (#107322)                          CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                         NO. 09-0718-JJB-CN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 11.  This motion is not opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Ass't Warden Troy Poret, complaining that his constitutional rights have been violated by the failure of prison officials to protect him from harm at the hands of co-inmates.  The plaintiff prays only for injunctive relief, compelling the defendants to provide him with a safe housing assignment.

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, certified copies of the plaintiff's administrative remedy proceedings, Department Regulation No. B-05-005 (relative to the prison Administrative Remedy Procedure), and the affidavit of Rhonda Z. Weldon.  Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial.  If the moving party carries its burden of proof under Rule 56, the

opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. <u>Anderson</u>, <u>supra</u>.

In his Complaint, the plaintiff alleged that in 1998, he cooperated with federal law enforcement officials and testified in federal court against members of the Outlaws Motorcycle Club ("OMC") in a high profile murder and racketeering case. He asserted that, as a result, it is well-known at LSP that members of the OMC will cause him harm if they are able to reach him. Accordingly, the plaintiff is kept in a "special lockdown" status, and members of the OMC are listed as "enemies" in his enemy file. Notwithstanding, the plaintiff allegedly learned, in 2008, that a particular member of the OMC, Joseph (or James) "Midnight" McKinny, who is listed on the plaintiff's enemy list, was assigned to work on the walkway outside of the plaintiff's housing unit. The plaintiff complains that, as a result, whenever he was thereafter required to leave the unit, to go on a medical call-out or to go to the exercise yard, he was exposed to potential danger at the hands of co-inmate McKinny. In addition, he complained generally of being housed with punitive segregation prisoners who have, in the past, thrown hot water and human waste at him in his cell and who, on one occasion in January, 2006, shot at him with a home-made bow and arrow.

In response to the plaintiff's allegations, the defendants assert that the plaintiff has failed to exhaust administrative remedies, as mandated by 42 U.S.C. § 1997e, relative to his claims. Pursuant to this statute, the plaintiff was required to exhaust administrative remedies available to him prior to commencement of a lawsuit in federal court relative to prison conditions. This provision is mandatory and applies

broadly to "all suits about prison life". <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). Further, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. <u>Johnson v. Johnson</u>, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The primary purpose of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'". <u>Johnson v. Johnson</u>, <u>supra</u>.

From a review of the plaintiff's administrative grievance records, it appears that the defendants' motion is well-taken. In his original Complaint, the plaintiff makes reference to grievances Nos. LSP-2008-0890 and LSP-2008-3759 as being the grievances which he filed wherein he asserted the claims which he now pursues in this litigation. A review of the certified administrative records relative to these grievances reflects that the plaintiff commenced his first grievance on or about March 30, 2008, and received a First Step Response thereto on August 8, 2008, denying him relief in connection with this grievance. Pursuant to established procedure, the plaintiff was required to proceed to the second step of the administrative process by appealing this adverse decision to the Secretary of the Louisiana Department of Public Safety and Corrections within five (5) days.[1] Inasmuch as the plaintiff failed

---

[1]    Pursuant to the prison administrative process, "[a]n inmate who is dissatisfied with the First Step response may appeal to the Secretary of the Department of Public Safety and Corrections by so indicating that he is not satisfied in the appropriate space on the

to undertake this appeal, he failed to complete the administrative process relative to this grievance and so failed to exhaust administrative remedies relative to the claims asserted therein. Thereafter, on or about October 22, 2008, approximately 2½ months later, the plaintiff submitted a second grievance, which he entitled an "emergency" grievance and which was assigned No. LSP-2008-3759. Ultimately, however, prison official denied this grievance because they concluded that it asserted "duplicate issues", <u>i.e.</u>, the same claims that were asserted in the previous grievance, which pursuant to Department Regulation No. B-05-005, would not be addressed.[2] Accordingly, it appears that the plaintiff failed to complete and finalize administrative remedies relative to the claims asserted in the second grievance as well.

Further, it appears that the plaintiff's claims are subject to dismissal for an independent reason. From a review of documentation provided by the plaintiff, it appears that he was transferred to a different housing unit at LSP at some time after May, 2009. As a result, he is no longer housed adjacent to the co-inmate enemy of whom he complained and is no longer subject to potential harm at the hands of that co-inmate. As a general proposition, an inmate's transfer away from a place where he is exposed to unconstitutional deprivations renders moot his claim for injunctive relief relative thereto. <u>See</u>, <u>e.g.</u>, <u>Herman v. Holiday</u>, 238 F.3d 660 (5th Cir. 2001). Accordingly, inasmuch as injunctive relief is the only relief prayed for in the plaintiff's Complaint, it appears that the Complaint is subject to dismissal for this

---

response form and forwarding it to the ARP Screening Officer within 5 days of receipt of the decision."

   [2]   Also pursuant to the prison administrative process, an administrative grievance may be rejected if "[i]t is a duplicate request."

independent reason.

Finally, the plaintiff in this case has offered no opposition to the defendants' Motion for Summary Judgment. Nor has he submitted any affidavit or other evidence refuting the defendants' assertions contained therein. In this regard, it is clear that a party may not rest upon mere allegations or denials contained in his pleadings in opposing a motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986); Fontenot v. Upjohn Company, 780 F.2d 1190 (5th Cir. 1986); John Hancock Mut. Life Ins. v. Johnson, 736 F.2d 315 (5th Cir. 1984). In order to meet his burden, the party opposing a motion for summary judgment "may not sit on [his] hands, complacently relying" on the pleadings. Weyant v. Acceptance Ins. Co., 917 F.2d 209 (5th Cir. 1990). The non-moving party must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial such that a rational finder of fact could return a verdict in his favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corporation, 812 F.2d 265 (5th Cir. 1987). Upon the plaintiff's failure in this case to come forward with any opposition, argument, affidavit or other evidentiary showing to refute the defendants' motion in this case, summary judgment should be granted in favor of the defendants as a matter of law.

<u>RECOMMENDATION</u>

It is recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 11, be granted, dismissing the plaintiff's claims asserted against the defendants, without prejudice, for failure to exhaust

administrative remedies as mandated by 42 U.S.C. § 1997e, but with prejudice to his refiling of the same claim or claims in forma pauperis.[3]

Signed in chambers in Baton Rouge, Louisiana, August 25, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3]    See <u>Underwood v. Wilson</u>, 151 F.3d 292 (5th Cir. 1998).